Curia, per

O’Neall, J.
The rule laid down in Young vs. Monpoey, (2 Bailey, 278,) has been uniformly followed, that, after the lapse of time within which a debt would have been barred by the statute, to prevent the bar “there must be *35 either an express promise to pay, or an admission of a subsisting debt, which the party is willing and liable to pay.” It is recognized and enforced in Reigne vs. Desportes, (Dud. Rep. 118,) which declared the old debt to be the consideration, and the new promise the cause of action. Therefore, if the new promise could not entitle the plaintiff to recover, it is clear that the bar of the statute applies. In the case before us, the plaintiff’s cause of action began, at the latest, from his last payment in 1829, for the defendant’s benefit, and in 1833, the time of the statute had run out. The money previously paid by the plaintiff, and up to that time constituting his cause of action, then ceased to be such, and after that, his right of action depended on the defendant’s admission. In March, 1838, he said “the plaintiff had bid off the land for him as a friend; he was willing to settle and pay any thing which was due, on a fair settlement; but he thought he had paid the plaintiff enough.” To Mr. Thompson, just before the commencement of this suit, he said “ he thought he had paid the plaintiff enough; he, however, was willing to settle, and if there was any balance, he would pay it.” These two acknowledgements are in substance this— “ I think I have paid the plaintiff; I will however settle, and if there is any thing due, I will pay it.” Upon this, as the cause of action, can there be a doubt that the plaintiff could not recover 1 Certainly not, unless he could shew a settlement and a balance against the defendant.
In Allcock vs. Evans, (2 Hill, 326,) defendant’s saying his partner ought to have paid the note, and “ Allcock ought to be paid,” was held neither to be an express promise to pay, nor an admission of a subsisting debt, which he was willing and liable to pay; and his proposition that he would “pay no interest, but would pay the principal by giving his note, payable in three, six and nine months, with interest from the date,” not having been confirmed by acceptance, was considered not to be a promise to bar the statute. In Bonnetheau *36 ads. Johnson, (Riley’s L. C. J,) defendant’s plea of the statute was, it is true, defeated by these words: “ I have also an account against Dr. Johnson, which I will discount against his when I get mine made out, and will settle with you.” These expressions do somewhat resemble those of the present case; but Johnson, J. observed there, that “ the proposition of the defendant to discount his own account against the demand, is in itself a distinct concession of his liability to pay it; and the declaration that he would settle with the plaintiff’s agent, when his account was made out, is in common parlance substituted for a direct promise to pay, and, as used here, would scarcely admit of any other construction.” In the case before the Court, the same word “settle” was used, but certainly not in a sense synonymous with “pay.”
Thomson for the motion; Herndon, contra.
On the second ground of appeal, the Court said “ this is not a case of technical continuing trust, against which the statute of limitations will not run. If it was, the plaintiff would have no business here. Equity, not law, would be his remedy. If there is a trust in the matter, (and I do not think there is,) it would be a constructive trust, against which the statute runs both at law and in equity. But this is a mere legal demand. The plaintiff has paid money for the defendant at his request.”
Motion dismissed;
Evans, Earle and Butler, JJ. concurring.